Jeremy Johnson, State Bar No. 214989
jjohnson@bremerandwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerandwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
Uponor, Inc., and Radiant Technology, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| Carl Fielstra III and Krystal Fielstra on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Uponor, Inc., successor to Uponor North America, Inc. and Radiant Technology, Inc.,<br><br>　　　　　Defendants. | Case No. 2:11-cv-00575-PA-JCG<br><br>Judge: Hon. Percy Anderson<br>Dept: 15<br><br>**NOTICE OF MOTION AND AGREED MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF HOWARD L. LIEBER AND PROPOSED ORDER IN SUPPORT THEREOF**<br><br>Date: June 6, 2011<br>Time: 1:30 p.m.<br>Ctrm: 15 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

　　　　PLEASE TAKE NOTICE that on June 6, 2011 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 15 of the above referenced court, Defendants, UPONOR, INC. ("UPONOR") and RADIANT TECHNOLOGY, INC. ("RTI") and Plaintiffs CARL and KRYSTAL FIELSTRA will move this Court to stay this action in its entirety pending a decision in the MDL Proceedings regarding the transfer and consolidation of this litigation into the action pending in the District Court of Minnesota. The Motion is made on the grounds that staying the action will conserve judicial resources and prevent hardship and inequity to the moving parties.

H:\3716\001\CF\Motion to Stay\P&A Final 05.04.11.doc

1     This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 2, 2011.

    This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Howard L. Lieber filed herewith, the documents contained within the Court's file, and such other and further evidence as may be presented at the time of the hearing on the Motion.

Dated: May 4, 2011

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Jeremy Johnson
Benjamin Price
Attorneys for Defendants
Uponor, Inc., and Radiant Technology, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, UPONOR, INC. ("UPONOR") and RADIANT TECHNOLOGY, INC. ("RTI") by and through their attorneys BREMER WHYTE BROWN & O'MEARA, LLP and Plaintiffs CARL and KRYSTAL FIELSTRA, by and through their attorneys LARSON KING, LLP for their Agreed Motion to Stay state as follows:

1. On January 19, 2011, Plaintiffs, Carl and Krystal Fielstra ("Plaintiffs") filed their original complaint commencing a putative class action against UPONOR and RTI. UPONOR was served with a copy of that Complaint on January 25, 2011 and RTI was served with a copy of the Complaint on January 28, 2011. Service of this original complaint on UPONOR and RTI had the effect of initiating the time for the filing of both a responsive pleading by the Defendants and a Motion for Class Certification by the Plaintiffs under applicable local rules.

2. Subsequent to the filing of the Complaint in this action, on April 6, 2011 Plaintiffs filed a First Amended Complaint. On April 20, 2011, UPONOR and RTI filed their Motion to Dismiss Plaintiffs' Amended Complaint. UPONOR/RTI's Motion to Dismiss seeks the complete dismissal of Plaintiffs' cause of action pending before this Court on multiple grounds, including the fact that the instant action is duplicative of a previously filed putative class action (John and Helen McGregor v. Uponor, Inc., et. al., 09-cv-1136) which has been pending since May 2009 in the District Court of Minnesota. UPONOR/RTI's Motion to Dismiss in the instant case is set for hearing on May 23, 2011. See Doc. No. 29 on file with the Court.

3. On April 25, 2011, in order to comply with the applicable time frame imposed by the local rules relating to putative class actions, Plaintiffs filed their Motion for Certification of Class Action in this case. See Doc. No. 31 on file with the Court. By operation of Local Rule 78-1 the noticed hearing date for Plaintiffs' Motion for Certification of Class Action (May 30, 2011) has been automatically continued given the fact that May 30, 2011 is a national holiday.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1
AGREED MOTION TO STAY

H:\3716\001\CF\Motion to Stay\P&A Final 05.04.11.doc

4. This action, along with five other actions, all involving the same plumbing component (ASTM F1807 brass fittings) and naming UPONOR and RTI as Defendants, have been identified in a Motion to Transfer filed with the United States Judicial Panel on Multidistrict Litigation ("JPML"). Plaintiffs' counsel in the various plumbing fitting cases that are the subject of the JPML Motion to Transfer have not opposed that motion and on April 27, 2011 the chairman of the Panel on Multidistrict Litigation, Judge John G. Heyburn II, entered an Order setting the hearing on UPONOR/RTI's Motion to Transfer for May 16, 2011. A copy of the April 27, 2011 JPML docket entry reflecting the above described order is attached hereto as Exhibit "A."

5. A global settlement conference relating to all of the putative class actions involving F1807 plumbing fitting claims, including those at issue in the present litigation, has been set for May 11, 2011 in Minnesota, in connection with the lead lawsuit, <u>John and Helen McGregor, et al. v. Uponor, Inc, et al.</u>, referenced above. A copy of the "Order for Settlement Conference" is attached hereto as Exhibit "B."

6. As the Court will note from the content of Exhibit "B," Magistrate Judge Jeffrey J. Keyes has been assigned to preside over the settlement conference in connection with these plumbing fitting claims. Additionally, as part of the order attached hereto as Exhibit "B," the parties were required to "meet in person with one another on or before April 20, 2011, to engage in a full and frank discussion of settlement."

7. Counsel on behalf of the Plaintiffs and Defendants involved in the six pending putative class actions relating to these F1807 fittings participated in the required in person meeting and discussed in detail settlement terms including what the parties have described as a specific written "Claims Process Settlement Proposal." That meeting occurred in Minnesota and included counsel from both

///

2
AGREED MOTION TO STAY

actions pending before this Court (*Fielstra* and *Paul Roth and Lynn Roth et al. v. Uponor et al.*, Case No. CV11-00705-PA (C.D. Cal.)).

8. Prior to the in-person meeting, the Plaintiffs in all six actions presented the "Claims Process Settlement Proposal" to UPONOR and RTI and the parties, through their attorneys, spent several hours discussing the proposed terms.

9. Following the in-person meeting, discussions were held among and on behalf of UPONOR and RTI regarding the proposed "Claims Process Settlement Proposal" and Defendants have prepared a responsive proposal, which modifies various terms of the "Claims Process Settlement Proposal." The terms proposed by both Plaintiffs and Defendants are intended to resolve all current and future claims involving the F1807 fittings sold by UPONOR and RTI.

10. Although the parties continue to refine the proposed terms of a nationwide resolution of these claims, they are optimistic about the prospects of arriving at a settlement. Recognizing that the Standing Order issued by the Court requires specific information about the status of settlement discussions (para. 9), the parties are prepared to provide the Court, for in-camera inspection, with a copy of the written terms that have been exchanged thus far in anticipation of the May 11, 2011 settlement conference in the McGregor case.

11. Given the amendment of the Complaint, the pendency of UPONOR/RTI's Motion to Dismiss, and the early stage of this litigation, written discovery remains to be completed, depositions need to be taken, and expert discovery has yet to proceed in this case. In contrast, substantial discovery has already been conducted in the McGregor v. Uponor matter in Minnesota. However, although the McGregor suit has been pending since May 2009, motion practice related to class certification has not proceeded as the parties to that litigation are still conducting general fact discovery and are now focusing their attention on attempting to achieve a settlement, rather than conducting further motion practice.

///

12. It is well settled in the Central District of California that when considering a motion to stay, in the context of the parties awaiting a ruling by the JPML on a 28 U.S.C. § 1407 Motion for Transfer and Consolidation, a District Court is to consider three factors: (1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are, in fact, consolidated. Rivers vs. The Walt Disney Company, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing American Seafood v. Magnolia Processing, Inc., 1992 U.S. Dist. LEXIS 7374, 1992 W.L. 102762, at *1-2 (E.D. Pa. 1992), a copy of which is attached hereto as Exhibit "C"). The principles set forth in Rivers have been relied on by a number of other courts in granting Motions to Stay proceedings, pending a ruling by the JPML on a motion for transfer. See Palmer vs. American Honda Motor, Co., 2008 U.S. Dist. LEXIS 112707, at *3, 2008 W.L. 54914 (D. Az. 2008) a copy of which is attached hereto as Exhibit "D;" Benge vs. Eli Lilly & Company, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008); and Good vs. Altria Group, Inc., 624 F. Supp. 2d 132, 134 (D. Me. 2009).

13. In Rivers, the court discussed at length issues regarding the conservation of judicial resources that would occur by avoiding duplicative litigation if the cases were consolidated in the future. Thus, the Rivers court noted that there are essentially two ways in which judicial resources would be conserved by staying a suit pending a ruling on a JPML motion to transfer. Rivers, 980 F. Supp. at 1360. The first means of conservation arises if a suit that is the subject of a motion to stay is ultimately consolidated as part of a JPML proceeding and the court hearing the motion to stay is not assigned as the transferee court. Id. In such a situation the Rivers court noted that it ". . . will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." Id.

///

14. The second means by which judicial resources are conserved by granting a motion to stay under these circumstances arises from the fact that ". . . any efforts on behalf of this court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the JPML does not consolidate. . ." the pending case before the court hearing the motion to stay. Id. at 1361.

15. The court in Rivers also held that if it denied the motion to stay, and ruled upon substantive motions "such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this court would not later be vacated and this court's investment of time and resources would not have been in vain." Rivers, 980 F. Supp. at 1361. Thus, the Rivers court noted that transferee judges ". . . have been known to vacate or modify previous rulings of the transferor judge" and cited to the case of In Re: Exterior Siding and Aluminum Coil Litigation, 538 F. Supp. 45 (D. Minn. 1982) in which a transferee court granted class certification even though a motion for certification had already been denied by the transferor court. Id.

16. In the present case, the JPML will soon consider a motion seeking transfer of all pending F1807 putative class actions to the District Court in Minnesota where three of those putative class actions are currently pending, and the most mature of those class actions has been on file since 2009. The court in Rivers concluded:

> "[T]his court could go forward with issues related to class certification at this time, but the time and energy that this Court would devote to any rulings it might make regarding certification could be for naught if this action is transferred to another court and that court modifies or vacates of any of this court's orders." Rivers, 980 F. Supp. at 1361.

///

It has also previously been held that "[c]ourts frequently grant stays pending a decision by the JPML regarding whether to transfer a case". <u>Good vs. The Prudential Ins. Co. of America</u>, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) and cases cited therein.

17. The various factors to be considered as part of the analysis outlined in <u>Rivers</u>, as well as in other similar cases, all weigh in favor of a stay being entered in this case. As an initial point, the parties to this litigation all support the entry of a stay. No opposition has been offered and, in fact, the present motion is an agreed motion.

18. In analyzing the three factors in <u>Rivers</u>, the first factor is not an impediment to the granting of the Motion to Stay, as there is no prejudice to the non-moving party given the fact that this is a joint motion. With respect to the second factor, concerning hardship and inequity to the moving party if the action is not stayed, this factor weighs in favor of granting the motion to stay. Substantial fact and expert discovery remains to be conducted with respect to class certification issues. Although the parties are familiar with the general issues regarding the brass plumbing fittings at issue, Defendants have not, as yet, had an opportunity to depose Plaintiffs' expert, nor have the Defendants had an opportunity to conduct discovery with respect to the Plaintiffs named in this action. In fact, the parties are not even at issue yet in this suit as a Motion to Dismiss remains pending.

19. Because similar expert issues will be at issue in all of the six putative F1807 fitting class actions that are before the JPML involving these Defendants, it is clear that coordination and sequencing of discovery is important and has significant ramifications for this litigation. Thus, if the JPML grants the unopposed request for consolidation and transfer of all such suits against these Defendants to the Minnesota District Court, it is appropriate for the transferee court to preside over issues relating to expert discovery and class certification, as opposed to these issues being dealt with in the instant case while a motion under 28 U.S.C. § 1407 is pending.

///

20. Regardless of how the Court rules on the Motion for Certification of Class Action in this matter, it is a virtual certainty that any such ruling would be revisited in the transferee court, thereby causing the parties to this action and this Court to expend substantial time and effort in connection with such motion practice with the potential that all such expenditures of time and effort will be duplicated if this matter is assigned to a transferee court.

21. With respect to the third Rivers factor to be considered in connection with such a motion to stay, concerning the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated, this factor also weighs in favor of granting of stay in this case.

22. The cases cited in this Agreed Motion, including Rivers, establish that if the JPML Panel grants a motion to coordinate and transfer and the present case is consolidated with other litigation in a transferee court, this Court will have needlessly expended its time familiarizing itself with the intricacies of this case which would then be heard by another court in Minnesota who has already been handling the McGregor case since May 2009. Additionally, as in Rivers, any efforts by this Court concerning case management may be replicated by the court that is assigned to handle the coordinated litigation if the JPML consolidates the instant case with the other five lawsuits. A case management order is already in place as part of the litigation pending in Minnesota and both the Magistrate and District Court Judge there have made rulings on motions and are familiar with the issues presented by the plumbing products involved in this litigation.

23. Consequently, there would be a significant expenditure of judicial resources in this Court given the pendency of Uponor's Motion to Dismiss and the pendency of Plaintiffs' Motion for Certification of Class Action, which the parties believe should be deferred at the present time to allow the parties to attempt resolution of all claims at the May 11, 2011 settlement conference and to allow the JPML to issue its order shortly after the May 16, 2011 hearing of that body. From

the standpoint of the three Rivers factors concerning the granting of a motion to stay, under these circumstances, all weigh in favor of a stay being entered.

24. As discussed previously, the Motion to Transfer and Consolidate pending before the JPML has been assigned for hearing on May 16, 2011. Thus, less than two weeks from the present motion, the JPML will be addressing the issue of transfer and consolidation of this case. No prejudice will be sustained by any party if a stay is entered here pending a ruling by the JPML, nor will a stay of this litigation awaiting that JPML ruling, materially delay the progress of this litigation. As noted by the court in Good vs. Prudential Insurance Company, courts frequently grant stays pending a decision by the JPML regarding whether to transfer a case, as the purpose of such transfer is to further judicial economy and to eliminate the potential for conflicting pre-trial rulings. Good, 5 F. Supp. 2d at 809.

25. Given the pendency of Defendants' Motion to Dismiss and Plaintiffs' Motion for Class Certification, denial of the presently requested stay would create a likelihood of conflicting rulings, or at a minimum, additional motion practice if this case is transferred by the JPML. In addition, the progress made by the parties toward settlement and the upcoming May 11, 2011 settlement conference support a temporary stay of the deadlines and hearings in this matter. These factors all establish the hardship and inequity to the moving parties if the action is not stayed and, as previously discussed, there is ample evidence of the likelihood of unnecessary expenditure of judicial resources and duplicative litigation.

26. In light of the facts discussed above, the applicable case law concerning motions to stay in the context of a motion to transfer pending before the JPML, and the current posture of this litigation, the parties believe that the present Motion to Stay is well founded and appropriate. Given the foregoing, the parties to this action request that: (1) this litigation be stayed in its entirety pending a decision by the JPML regarding the transfer and consolidation of this litigation into a transferee court, and (2) the hearings on the Motion to Dismiss (May 23) and Motion for

Certification of Class Action (June 6) be continued indefinitely unless the Court orders otherwise.

27. The parties have met and conferred regarding the present Motion to Stay, and agree that such a motion is appropriate in this case and, consequently, have jointly submitted this Motion to Stay for consideration by the Court.

WHEREFORE, Defendants UPONOR, INC. and RADIANT TECHNOLOGY, INC. as well as Plaintiffs CARL and KRYSTAL FIELSTRA, pray that this Court will grant their Motion to Stay this litigation pending a ruling by the JPML on Defendants' Motion for Transfer and Consolidation, as well as granting such other and further relief as the Court may deem appropriate.

Dated: May 4, 2011

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Jeremy Johnson
Benjamin Price
Attorneys for Defendants
Uponor, Inc., and Radiant Technology, Inc.

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On May 4, 2011, I served the within document(s) described as:

NOTICE OF MOTION AND AGREED MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF HOWARD L. LIEBER AND PROPOSED ORDER IN SUPPORT THEREOF

on the interested parties in this action as stated on the attached mailing list.

[X] (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through the _ for the above-entitled case. Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by CM/ECF's system. A copy of the filing receipt page will be maintained with the original document(s) in our office.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 4, 2011, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

Deborah Hernandez
(Type or print name)                    (Signature)

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

H:\3716\001\POS.doc

<u>Fielstra v. Uponor, Inc.</u>

Case No. CV-11-00575 PA (JCGx)

**BWB&O CLIENT:** Uponor, Inc.
**BWB&O FILE NO.:** 3716.001

## SERVICE LIST

| | | |
|---|---|---|
| Uponor, Inc.<br>Howard Lieber<br>GROTEFELD HOFFMANN SCHLEITER GORDON & OCHOA<br>311 S. Wacker, Suite 4500<br>Chicago, IL 60606<br><br>312-551-0200<br>hlieber@ghlaw-llp.com<br><br>Personal counsel for Uponor, Inc. | David H. Greenberg<br>GREENBERG & RUDMAN LLP<br>6100 Wilshire Blvd., Suite 1170<br>Los Angeles, CA 90048<br><br>323-782-0500<br>323-782-0543 fax<br><br>Attorneys for Plaintiffs<br>dgreenberg@caltrialpros.com | Shawn M. Raiter<br>LARSON KING<br>2800 Wells Fargo Place<br>30 East 7th Street<br>St. Paul, MN 55101<br><br>651-312-6500<br>sraiter@larsonking.com<br><br>Attorneys for Plaintiffs |
| Robert K. Shelquist<br>LOCKRIDGE GRINDAL NAUEN<br>100 Washington Ave. South<br>Suite 2200<br>Minneapolis, MN 55401-2197<br><br>612-339-6900<br>rshelquist@locklaw.com<br><br>Attorneys for Plaintiffs | Michael A. McShane<br>AUDET & PARTNERS<br>221 Main Street, Suite 1460<br>San Francisco, CA 94105-1906<br><br>415-568-2555<br>mmcshane@audetlaw.com | Charles J. LaDuca<br>CUNEO GILBERT & LADUCA<br>507 C Street, N.E.<br>Washington, DC 20002<br><br>202-789-3960<br>charlesl@cuneolaw.com<br><br>Attorneys for Plaintiffs |
| David L. Black<br>PERKINS COIE<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202-1043<br><br>303-291-2309<br>dblack@perkinscoie.com<br><br>Attorneys for Plaintiffs | | |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\3716\001\POS.doc